**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| STEVEN SALAITA, ) | |
| ) | Case No. 1:15 Civ. 924 |
| Plaintiff, ) | |
| ) | Hon. Harry D. Leinenweber, |
| v. ) | District Judge |
| ) | |
| CHRISTOPHER KENNEDY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |

**PLAINTIFF'S MOTION TO DIRECT DEFENDANTS TO**
**PARTICIPATE IN RULE 26(f) CONFERENCE**

Plaintiff, STEVEN SALAITA, by his undersigned attorneys, respectfully requests that the Court enter an order directing the Defendants to participate in a Rule 26(f) conference, stating as follows:

Introduction

1. Plaintiff commenced this lawsuit on January 29, 2015, and Summonses were served on all Defendants through their counsel, Perkins Coie LLP, on February 4, 2015. Dkt. 1, 13-25.

2. By way of background, Plaintiff is a professor who experienced unlawful retaliation in violation of his First Amendment rights. Specifically, after Plaintiff accepted a tenured position at the University of Illinois (and resigned his former position at another institution), the Defendants unlawfully retracted his employment offer because University officials and the University's donors were offended by some of the viewpoints Plaintiff had publicly expressed on matters of public concern.

3.	The case has received substantial attention in the media and the academic community, and Plaintiff has been unable to secure any alternative employment, his professional reputation having been adversely affected by Defendants' unlawful conduct.

4.	Plaintiff thus has a definite interest in timely resolution of his claims, which include injunctive relief. The passage of each school semester causes further damage to Plaintiff's career.

5.	Given recent indications, it appears that the Defendants do not share Plaintiff's desire to move the litigation forward. They have informed Plaintiff's counsel that they intend to file a motion to dismiss, and would apparently prefer to have that motion resolved before having to commence discovery. While not formally seeking a discovery stay – which they know would not likely be granted under these circumstances – Defendants have resisted Plaintiff's efforts to conduct a Rule 26(f) conference, thereby unilaterally ensuring that discovery cannot commence.

6.	By this Motion, Plaintiff respectfully asks the Court to direct the parties to confer pursuant to Rule 26(f), and with that procedural hurdle having been eliminated, move forward with discovery. In support, Plaintiff states as follows.

**Discussion**

7.	On February 16, 2015, Plaintiff's counsel contacted counsel for Defendants to ask about their availability for a Rule 26(f) conference. Defendants' counsel agreed to speak by phone on February 18.

8.	On the call, Plaintiff attempted to initiate a discussion of the topics set forth in Rule 26(f)(2), including a proposed discovery plan. Defendants, through counsel, stated that they were not prepared to discuss a discovery plan or the other topics in Rule 26(f)(2).

9.      Defendants stated that they would not be prepared to participate in a Rule 26(f) conference at least until the Court set the case for an initial status. Defendants further informed Plaintiff that they would be filing a motion to dismiss all claims on February 25, 2015, and therefore they believed that all discovery should be stayed pending a ruling on such a motion. Defendants did not state whether they intended to seek a stay of discovery.

10.     Defendants should not be allowed to self-help themselves to a stay of discovery by refusing to participate in a Rule 26(f) conference. By Rule, the parties are to confer under Rule 26(f) "as soon as practicable." It is not necessary for the court to set an initial status conference before the parties may confer; to the contrary, Rule 26(f)(1) states only that the Rule 26(f) conference must take place "at least" 21 days before an initial scheduling conference. Indeed, the 1993 Advisory Committee Notes state, "To assure that . . . the commencement of discovery is not delayed unduly, the rule provides that the meeting of the parties take place as soon as practicable and in any event at least 14 days before a scheduling conference is held or before a scheduling order is due under Rule 16(b). . . . The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case." This Court's individual case management procedures are consistent with the Federal Rules, and even contemplate the exchange of discovery in advance of an initial status conference.

11.     Moreover, Defendants' imminent motion to dismiss does not obviate the requirement to participate in a Rule 26(f) conference. For one thing, the motion is not likely to resolve this litigation. While this Court is admittedly in no position to "pre-judge" the motion to dismiss either way, Plaintiff has stated cognizable claims for which immunity is unavailable and dismissal is inappropriate, and certainly not without any discovery.

3

12.	In any event, no stay of discovery has been requested or granted in this case. And there is no presumption that a stay is appropriate where a motion to dismiss has been filed. *See, e.g., New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation. Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions." (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal.1990))); *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007).[1] Accordingly, Defendants remain under an obligation to participate in a Rule 26(f) conference "as soon as practicable."

**Conclusion**

13.	In the end, the decision over whether it is time for discovery to commence is one for the Court, not the Defendants. Having filed no motion to stay, Defendants should not be permitted to award themselves an informal stay simply by declining to engage in the Rule 26(f) discussion contemplated by the Federal Rules. The litigation is now up and running, and Plaintiff respectfully submits that an appropriate time to commence discovery is now, or, short of that, sometime very soon.

WHEREFORE, Plaintiff respectfully requests that Defendants be directed to participate in a Rule 26(f) conference to discuss the topics set forth in Rule 26(f)(2).

---

[1] There are many reasons why a stay would be inappropriate in this case. Among them, Plaintiff is seeking injunctive relief, and it is highly unlikely that Defendants will be successful in dismissing all of the claims in this case. In addition, this is not a particularly large or complex litigation in which the burden of discovery would warrant a stay; in fact, a lot of relevant discovery is information that is subject to disclosure under the Illinois Freedom of Information Act.

4

RESPECTFULLY SUBMITTED,

**STEVEN SALAITA**

By: /s/ Jon Loevy
*Counsel for Steven Salaita*

Jon Loevy
Arthur Loevy
Anand Swaminathan
Gretchen Helfrich
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60604
Phone: 312-243-5900
Fax: 312-243-5902

Maria LaHood
Baher Azmy
Omar Shakir
THE CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
7th Floor
New York, NY 10012
Phone: 212-614-6464
Fax: 212-614-6499

5

**CERTIFICATE OF SERVICE**

I, Gretchen E. Helfrich, an attorney, certify that on February 24, 2015, I filed the foregoing Plaintiff's Motion to Direct Defendants to Participate in a Rule 26(f) Conference using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Gretchen E. Helfrich
Gretchen E. Helfrich
*Counsel for Steven Salaita*