**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN SALAITA, | ) | |
| | ) | Case No. 15 C 924 |
| Plaintiff, | ) | |
| | ) | Hon. Harry D. Leinenweber, |
| v. | ) | District Judge |
| | ) | |
| CHRISTOPHER KENNEDY, *et al.*, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**MOTION FOR ENTRY OF AN ORDER TO PRESERVE EVIDENCE**

Plaintiff STEVEN SALAITA, by his attorneys LOEVY & LOEVY and the CENTER

FOR CONSTITUTIONAL RIGHTS, respectfully moves for an order requiring the Defendants to

preserve evidence. In support, Plaintiff states as follows:

1.      Professor Salaita alleges in this lawsuit that the Defendants terminated his tenured

professorship at the University of Illinois at Urbana-Champaign, in violation of his constitutional

rights and rights protected by state law. Doc. No. 1.

2.      As explained in detail in Plaintiff's Motion for Leave to File A First Amended

Complaint, filed earlier today, new evidence has come to light demonstrating that Defendants

used personal email accounts rather than University email addresses when communicating about

the subject matter of this case in order to evade the University's email preservation and retention

obligations, and that at least Defendant Wise destroyed emails relevant to Professor Salaita's

case. *See* Doc. No. 62. These efforts to conceal and destroy communications relevant to this

lawsuit have taken place with full knowledge that this evidence might be relevant to this case.

*See id.*

3. Recognizing that communications and other evidence solely in the possession of the Defendants would be essential to proving Plaintiff's civil case, Plaintiff sent a litigation hold letter to Defendants on April 16, 2015, reminding the Defendants of their duty to preserve evidence. The letter explained that the Defendants had been on notice since at least August 2014 of their duty to preserve evidence relating to this lawsuit, and it asked them to make Plaintiff aware of any potential problem regarding preservation of evidence, including problems relating to electronically stored information. *See* Exhibit A. The Defendants did not respond to that letter in any way that suggested that there would be any problem preserving evidence relevant to this case.

4. Defendants' attempts to destroy or hide communications regarding Professor Salaita raises concerns that important evidence relevant to this case has disappeared or is in danger of disappearing. There is no question that, even without a court order, parties to civil litigation may not destroy evidence. *See*, *e.g.*, *Lekkas v. Mitsubishi Motors Corp.*, 2002 WL 31163722, at *3 (N.D. Ill. Sep. 26, 2002) (collecting cases). There is similarly no question that Federal Rules of Civil Procedure empower this Court to order the preservation of evidence. *See*, *e.g.*, *Treppel v. Biolvail Corp.*, 249 F.R.D. 111, 119-20 (S.D.N.Y. 2008) (collecting cases).

5. The conduct recently revealed is likely to warrant the imposition of sanctions against Defendants, including possible adverse inference instructions or monetary sanctions. But the exact type and extent of sanctions that are appropriate will depend in part on additional discovery to understand the scope and content of evidence destroyed and the potentially broader efforts of the Defendants to destroy or hide communications.

6. Because the evidence currently in Defendants' possession, including their communications about Professor Salaita, will be critical to Plaintiff's prosecution of his civil

2

case and in light of Defendant's efforts to conceal this evidence, Plaintiff respectfully submits

that an order to preserve evidence is warranted in this case.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order directing the

Defendants and their employees and agents to preserve all physical, documentary, or other

evidence in their possession, custody, or control relating to the allegations at issue in this case,

including all email communications sent or received by the Defendants and their colleagues,

whether those communications are stored in University email accounts, in personal email

accounts, or in some other location.

RESPECTFULLY SUBMITTED,

/s/ Steven Art
*One of Plaintiff's Attorneys*

| | |
|---|---|
| Maria LaHood (*pro hac vice*) | Jon Loevy |
| Baher Azmy (*pro hac vice*) | Arthur Loevy |
| Omar Shakir (*pro hac vice*) | Anand Swaminathan |
| THE CENTER FOR CONSTITUTIONAL RIGHTS | Gretchen Helfrich |
| 666 Broadway | Steven Art |
| 7th Floor | LOEVY & LOEVY |
| New York, NY 10012 | 312 N. May St., Suite 100 |
| Phone: 212-614-6464 | Chicago, IL 60604 |
| | Phone: 312-243-5900 |

## CERTIFICATE OF SERVICE

I, Anand Swaminathan, an attorney, certify that on August 25, 2015, I filed the

foregoing Motion for Entry of an Order to Preserve Evidence using the Court's CM/ECF system,

which effected service on all counsel of record.


                      /s/ Anand Swaminathan