IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN SALAITA, | ) | |
| | ) | Case No. 15 C 924 |
| Plaintiff, | ) | |
| | ) | Hon. Harry D. Leinenweber, |
| v. | ) | District Judge |
| | ) | |
| CHRISTOPHER KENNEDY, *et al.*, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PRESERVE EVIDENCE**

Plaintiff STEVEN SALAITA, by his attorneys LOEVY & LOEVY and the CENTER FOR CONSTITUTIONAL RIGHTS, files this reply in support of his Motion to Preserve Evidence, stating as follows:

1. In their response, Defendants recast the serious concerns that underlie this motion to preserve evidence as a concern about a single email by a sole rogue administrator. That is not the case. Defendant Wise's September 18, 2014 email reveals an intention to flout document preservation and disclosure obligations, not only by her, but also by other Defendants and other top University officials. *See* Ex. A (Sept. 18, 2014 Wise Email, stating that "[w]e are doing virtually nothing over our Illinois email addresses") (emphasis added). In addition, in an August 14, 2015 article after Defendant Wise's resignation as Chancellor, the Chicago Tribune quotes her as saying regarding her use of personal email to conduct University business that "many of these same communications included campus counsel, Board members, and other campus leaders." Ex. B (Aug. 14, 2015 Chicago Tribune article). In other words, Board members and others either engaged or acquiesced in these practices.

2. Likewise, although Defendants claim that a preservation order is unnecessary because Defendants are on notice of their duty to preserve evidence, notice of such obligations by counsel and campus ethics officers in the past have proven inadequate. Indeed, the documents reveal that Defendant Wise and other senior officials of Defendant Board of Trustees knew that they had a duty to preserve and disclose information about University business, and deliberately chose to flout those duties by using personal emails to keep them secret.

3. Wise's email itself shows that by September 18, 2015, Wise and others already knew that the Salaita matter was "now in litigation phase," with attendant preservation and disclosure obligations. *Because of* those obligations, she and other senior officials were "doing virtually nothing over our Illinois email addresses," and, in her personal email account, she was even going so far as "deleting after sending." *See* Ex. A (Sept. 18, 2014 Wise Email). In fact, Wise and other top University officials, including Provost and Vice Chancellor Ilesanmi Adesida, were using personal emails to discuss Salaita as early as July 2014. *See* Ex. C (July 25, 2014 Adesida Email).

4. Second, other recently released documents reveal that Wise and other senior University officials have flouted known disclosure obligations in the past, including their preservation and disclosure obligations under the Illinois Freedom of Information Act ("FOIA"). For example, on March 19, 2014, Defendant Wise sent an email to redacted recipients, stating that because of FOIA requests for her communications about University business, "I am using my personal email and sending it to [redacted's] personal email." *See* Ex. D (Mar. 19, 2014 Wise Email). In that same email chain, Wise stated that she had just sent an email to Associate Chancellor Robin Kaler's personal email instructing her to hand-deliver a document to other University officials and prominent businesspeople, all for the purpose of preventing their disclosure through FOIA.

*Id.* Similarly, on April 25, 2014 Defendant Wise sent an email from her personal email account to the personal email account of Dick Meisinger, the University's Associate Vice President for Strategic Initiatives, with the subject line "Better not to correspond on my IL email" and instructing Meisinger "Please don't ask anything . . . from your Illinois email." Ex. E (April 25, 2014 Wise Email).

5. So, not only is there a strong need for a preservation order, but Defendants articulate no prejudice from such an order. Defendants' counsel claims that a preservation order is unnecessary since it has already issued a preservation notice to Defendants, but this is not prejudice. In fact, if Defendants are now abiding by their obligations, then presumably nothing more is required and they will do nothing different upon entry of a court order. However, for those Defendants – including employees or agents of Defendants – who have flouted their obligations in the past, a court order to preserve evidence has consequences that may have some impact in preventing any further prejudice to Plaintiff from the destruction of evidence.

6. Finally, Defendants' response creates the impression that the University voluntarily disclosed the September 19, 2014 Wise email, and that this suggests no preservation order is necessary. That is hardly the case. Defendants have known about the use of personal email accounts to circumvent disclosure obligations since at least April 2014. *See* Ex. F (Aug. 8, 2015 News-Gazette article). Rather than promptly disclose that fact, Defendants pursued motions to dismiss both the FOIA litigation and the federal lawsuit. It was only after both motions were denied, when it was clear that discovery in both lawsuits would require the disclosure of the September 19, 2014 Wise email and others, that the University finally disclosed the emails and underlying practices.

3

7. For all of these reasons, Plaintiff respectfully requests that his Motion to Preserve Evidence be granted.

                                                                                         RESPECTFULLY SUBMITTED,

                                                                                         /s/ Anand Swaminathan
                                                                                         *One of Plaintiff's Attorneys*

| | |
|---|---|
| Maria LaHood (*pro hac vice*) | Jon Loevy |
| Baher Azmy (*pro hac vice*) | Arthur Loevy |
| Omar Shakir (*pro hac vice*) | Anand Swaminathan |
| THE CENTER FOR CONSTITUTIONAL RIGHTS | Gretchen Helfrich |
| 666 Broadway | Steven Art |
| 7th Floor | LOEVY & LOEVY |
| New York, NY 10012 | 312 N. May St., Suite 100 |
| Phone: 212-614-6464 | Chicago, IL 60604 |
| | Phone: 312-243-5900 |