```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

STEVEN SALAITA,

        Plaintiff,

   v.

CHRISTOPHER KENNEDY,
Chairman of the Board of
Trustees of the University
of Illinois, *et al.,*

        Defendants.

Case No. 15 C 924

**Judge Harry D. Leinenweber**

# ORDER

Before the Court is Plaintiff Steven Salaita's Motion for Entry of an Order to Preserve Evidence [ECF No. 64]. For the reasons stated herein, the Motion is granted.

# STATEMENT

Parties to civil litigation have an ongoing duty to preserve evidence that attaches when a party knows, or should have known, that litigation was imminent. *Trask–Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 681 (7th Cir. 2008). This duty is broad, encompassing any relevant evidence that the party knew, or reasonably could foresee, would be relevant to the action. *In re Kmart,* 371 B.R. 823, 842 (N.D. Ill. 2007). In addition to this duty, the court has broad discretionary power to order a party to preserve evidence. *See, In re African–American Slave Descendants' Litig.,* 2003 WL 24085346, *2 (N.D. Ill. July 15, 2003). A preservation order is an injunctive remedy that should issue "upon an adequate

showing that equitable relief is warranted." *Id.* In rendering this determination, the court considers: "1) whether Plaintiffs can demonstrate that Defendants will destroy necessary documentation without a preservation order; 2) whether Plaintiffs will suffer irreparable harm if a preservation order is not entered; and 3) the burden imposed upon the parties by granting a preservation order." *Id.*

Plaintiff has presented information that Defendants have attempted to destroy or hide communications regarding this case and that Defendants have flouted known disclosure obligations in the past. *See, e.g.,* Ex. A (Sept. 18, 2014 Wise Email); Ex. D (Mar. 19, 2014 Email Exchange). In light of this information, the Court has concerns about compliance with the litigation hold currently in place. The evidence currently in Defendants' possession will likely be essential to proving Plaintiff's case, and any loss thereof would undoubtedly result in irreparable harm to Plaintiff. Therefore, the Court grants Plaintiff's Motion and orders that Defendants and their employees and agents preserve all physical, documentary, or other evidence in their possession, custody, or control relating to the allegations at issue in this case, including all email communications sent or received by the Defendants and their colleagues, whether those communications are stored in University email accounts, in personal email accounts, or in some other location. Defendants state that they have and will continue to preserve all evidence that is potentially relevant to this case, so the burden of complying with this Order should be minimal.

Additionally, the Court denies Defendants' request to make this Order applicable to all parties because Defendants have failed to present any evidence demonstrating that

Plaintiff has, or will attempt to, destroy documentation relevant to this case without a preservation order. As such, applying this Order to Plaintiff is not warranted.

                                            Harry D. Leinenweber, Judge
                                            United States District Court

Dated: September 29, 2015